# Exhibit 1



**CT Corporation**
**Service of Process Notification**
06/27/2023
CT Log Number 544162360

## Service of Process Transmittal Summary

**TO:** Thomas Avallone, President And Chief Executive Officer
PB Restaurants LLC
4700 Millenia Blvd Ste 400, Millenia Lakes I
Orlando, FL 32839-6020

**RE:** **Process Served in Michigan**

**FOR:** Bravo Brio Restaurants, LLC  (Domestic State: FL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SCOTT REINBOLD, as next friend of CARTER REINBOD, a minor // To: Bravo Brio Restaurants, LLC |
| **CASE #:** | 230352NI |
| **NATURE OF ACTION:** | Personal Injury |
| **PROCESS SERVED ON:** | The Corporation Company, Plymouth, MI |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 06/27/2023 |
| **JURISDICTION SERVED:** | Michigan |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  MARIA VELEZ  mvelez@earlenterprise.com |
| | Email Notification,  Thomas Avallone  tavallone@planethollywoodintl.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Company
40600 Ann Arbor Road E
Suite 201
Plymouth, MI 48170
866-401-8252
EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



BROWN AND BROWN, PLC
8 W. Long Lake Rd, Ste. 100
Bloomfield Hills, MI 48302

9589 0710 5270 0658 0741 46

RDC 99

U.S. POSTAGE
FCM LG ENV
OKEMOS, MI
48864
JUN 23
AMOUNT
$9.24
48170
R2304Y122813

Bravo Five Restaurants LLC
a/b/a BRAVO! ITALIAN KITCHEN
Resident Agent: The Corporation Company
40600 Ann Arbor Road East, Suite 201
Plymouth, MI 48170

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>30TH JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | | CASE NO.<br>23- NI |

**Court address**
313 W. Kalamazoo St. Lansing, MI 48933

**Court telephone no.**
517-483-6500

| Plaintiff's name, address, and telephone no.<br>SCOTT REINBOLD, as next friend of CARTER REINBOLD, a minor | v | Defendant's name, address, and telephone no.<br>BRAVO BRIO RESTAURANTS, LLC d/b/a BRAVO! ITALIAN KITCHEN,<br>A Foreign Limited Liability Company<br>Resident Agent: The Corporation Company<br>40600 Ann Arbor Road East, Suite 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>BROWN AND BROWN, PLC<br>MATTHEW C. BROWN P40078<br>MATTHEW J. BROWN P73030<br>838 W. Long Lake Rd. Ste. 100<br>Bloomfield Hills, MI 48302; 248-454-1120 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| MAY 31 2023 | AUG 30 2023 | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

JIS Code: OAN

| STATE OF MICHIGAN<br>30th JUDICIAL DISTRICT<br>INGHAM JUDICIAL CIRCUIT<br>COUNTY | REQUEST FOR NEXT<br>FRIEND AND ORDER | CASE NO. 23-0352 MI<br>PETITION NO.<br>JUDGE JUDGE JAMES S. JAMO |
|---|---|---|

Court address                                                                                    Court telephone no.

| Plaintiff/Petitioner's name, address, and telephone no.<br>SCOTT REINBOLD as next friend for CARTER REINBOLD c/o Brown and Brown PLC | v | Defendant/Respondent's name, address, and telephone no.<br>BRAVO BRIO RESTAURANTS, LLC<br>d/b/a Bravo! Italian Kitchen,<br>A foreign Limited Liaiblity Company,<br>John Doe |
|---|---|---|
| Plaintiff/Petitioner's attorney, bar no., address, and telephone no.<br>BROWN AND BROWN, PLC<br>MATTHEW J. BROWN P73030<br>838 W. Long Lake Rd. Ste. 100<br>Bloomfield Hills, MI 48302; 248-454-1120 | | Defendant/Respondent's attorney, bar no., address, and telephone no. |

In the matter of _____

Use note: No request is necessary in personal protection order cases when the minor is 14 years of age or older.

**REQUEST FOR NEXT FRIEND**

1. A next friend is necessary for Carter Reinbold _____ because he/she is a
   ☑ minor   ☐ incompetent/legally incapacitated individual.

2. The proposed next friend is Scott Reinbold _____, who is an adult and not disqualified by statute.

5-12-2023                                                    [Signature]
Date                                                         Signature

3. I consent to being next friend for the person listed above.

5-12-2023                                                    [Signature]
Date                                                         Signature of proposed next friend

Note: If the person who needs a next friend is a minor under 14 years of age or incompetent/legally incapacitated, the person's next of kin, other relative, or friend must sign this request. If the person who needs a next friend is a minor 14 years of age or older, the minor must sign this request.

**ORDER**

☑ 4. Scott Reinbold _____ is appointed next friend for the person listed in item 1.

☐ 5. The request is denied because the proposed next friend is unsuitable.

                                                    [Signature] 5-31-2023
                                                    Judge signature and date

Approved, SCAO
Form MC 319, Rev. 12/19
MCR 2.201(E), MCR 3.703(F)
Page 1 of 1

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>**JUDICIAL DISTRICT**<br>30th  **JUDICIAL CIRCUIT**<br>INGHAM  **COUNTY** | **REQUEST FOR NEXT FRIEND AND ORDER** | JIS Code: OAN<br>CASE NO. 23-0352-NI<br>PETITION NO.<br>JUDGE JAMES S. JAMO |

Court address | Court telephone no.

| Plaintiff/Petitioner's name, address, and telephone no.<br>SCOTT REINBOLD as next friend for CARTER REINBOLD c/o Brown and Brown PLC | v | Defendant/Respondent's name, address, and telephone no.<br>BRAVO BRIO RESTAURANTS, LLC<br>d/b/a Bravo! Italian Kitchen,<br>A foreign Limited Liaiblity Company,<br>John Doe |
|---|---|---|
| Plaintiff/Petitioner's attorney, bar no., address, and telephone no.<br>BROWN AND BROWN, PLC<br>MATTHEW J. BROWN P73030<br>838 W. Long Lake Rd. Ste. 100<br>Bloomfield Hills, MI 48302; 248-454-1120 | | Defendant/Respondent's attorney, bar no., address, and telephone no. |

In the matter of _____

Use note: No request is necessary in personal protection order cases when the minor is 14 years of age or older.

**REQUEST FOR NEXT FRIEND**

1. A next friend is necessary for  Carter Reinbold _____ because he/she is a
   Name

   ☑ minor   ☐ incompetent/legally incapacitated individual.

2. The proposed next friend is  Scott Reinbold _____, who is an adult and not disqualified by statute.
   Name

5-12-2023                                  /s/ signature
Date                                       Signature

3. I consent to being next friend for the person listed above.

5-12-2023                                  /s/ signature
Date                                       Signature of proposed next friend

**Note:** If the person who needs a next friend is a minor under 14 years of age or incompetent/legally incapacitated, the person's next of kin, other relative, or friend must sign this request. If the person who needs a next friend is a minor 14 years of age or older, the minor must sign this request.

**ORDER**

☑ 4.  Scott Reinbold _____ is appointed next friend for the person listed in item 1.
       Name

☐ 5. The request is denied because the proposed next friend is unsuitable.

_____
Judge signature and date

Approved, SCAO
Form MC 319, Rev. 12/19
MCR 2.201(E), MCR 3.703(F)
Page 1 of 1

STATE OF MICHIGAN

INGHAM COUNTY CIRCUIT COURT

SCOTT REINBOLD, as next
friend of CARTER REINBOLD, a minor,

    Plaintiffs,

Hon.
Case No.

-vs-

BRAVO BRIO RESTAURANTS, LLC
d/b/a Bravo! Italian Kitchen
A Foreign Limited Liability Company
JOHN DOE,

    Defendants.

**BROWN AND BROWN, PLC**
Matthew C. Brown (P40078)
mcb@bblawplc.com
Matthew J. Brown (P73030)
mjb@bblawplc.com
*Co-Counsel for Plaintiff*
838 W. Long Lake Rd., Suite 100
Bloomfield Hills, MI 48302
(248) 454-1120

**MICHAEL J. LEBOW NBTA PLC**
Michael J. Lebow NBTA (P33734)
mjl@michaeljlebow.com
*Co-Counsel for Plaintiff*
838 W Long Lake Rd Ste 100
Bloomfield Hills, MI 48302-2070
(248) 429-9053

## DEMAND FOR JURY TRIAL

Plaintiffs, Scott Reinbold, as Next of friend of Carter, by and through their Attorneys, BROWN AND BROWN, PLC, and Hereby demand a trial by jury on any and all of the above claims triable.

**Respectfully submitted,**

Dated: May 24, 2023

By: _____
BROWN AND BROWN, PLC
By: Matthew C. Brown (P40078)
By: Matthew J. Brown (P73030)
Attorneys for Plaintiffs
838 W. Long Lake Rd. Ste. 100
Bloomfield Hills, MI 48302
(248) 454-1120

STATE OF MICHIGAN

INGHAM COUNTY CIRCUIT COURT

SCOTT REINBOLD, as next
friend of CARTER REINBOLD., a minor.

Plaintiffs.

Hon.
Case No. 23-     NI

-vs-

BRAVO BRIO RESTAURANTS. LLC
d/b/a Bravo! Italian Kitchen
A Foreign Limited Liability Company
JOHN DOE.

Defendants.

---

**BROWN AND BROWN, PLC**
Matthew C. Brown (P40078)
Matthew J. Brown (P73030)
*Co-Counsel for Plaintiff*
838 W. Long Lake Rd., Suite 100
Bloomfield Hills, MI 48302
(248) 454-1120
mjb@bblawplc.com
mcb@bblawplc.com


**MICHAEL J. LEBOW NBTA PLC**
Michael J. Lebow NBTA (P33734)
*Co-Counsel for Plaintiff*
838 W Long Lake Rd Ste 100
Bloomfield Hills, MI 48302-2070
(248) 429-9053
mjl@michaeljlebow.com

---

### COMPLAINT AND JURY DEMAND

1

Plaintiffs, SCOTT REINBOLD, individually and as next of friend of CARTER REINBOLD, a minor, by and through their Attorneys, BROWN AND BROWN, PLC, AND Michael J. Lebow NBTA, PLC, state the following:

## JURISDICTION AND PARTIES

1. Plaintiff Scott Reinbold (hereinafter referred to as "Mr. Reinbold") is the father of Carter Reinbold a minor male.

2. Scott Reinbold is a resident of Kent County and the State of Michigan.

3. Plaintiff Cater Reinbold (hereinafter referred to as "Carter"), is a minor whose interests are represented by his next of friend, Scott Reinbold, is a resident of Kent County and State of Michigan.

4. Defendant Bravo Brio Restaurants, LLC is a foreign Limited Liability Company that did business as Bravo! Italian Kitchen at all relevant times in Ingham County, Michigan.

5. Defendant John Doe is a waiter that worked at all relevant times at Defendant Bravo Brio Restaurants, LLC d/b/a Bravo! Italian Kitchen.

6. The events that took place in this lawsuit occurred at Bravo Brio Restaurants, LLC d/b/a Bravo! Italian Kitchen located at 2970 Town Centre Blvd. Lansing, MI 48912.

7. The amount in controversy is in excess of $25,000.00 and therefore jurisdiction is appropriate in Ingham County Circuit Court.

## FACTUAL ALLEGATIONS

8. Plaintiffs hereby reassert and incorporate by reference paragraphs 1-7 as if fully set forth herein.

2

9. In 2016, Plaintiff was diagnosed as having a severe allergic reaction to sesame after extensive testing through his allergist (hereinafter referred to as "allergy").

10. Carter's allergy is so severe that exposure to even minuscule amounts of these allergens can cause a life-threatening if not fatal reaction.

11. Carter's allergy can be triggered not only by ingestion of an allergen but also by exposure to the allergen.

12. There is no cure for food allergies; the only way to prevent a harmful allergic reaction from occurring is by avoiding the allergen itself.

13. To help prevent attacks from occurring, Carter's parents constantly have to monitor every food that he is exposed to or that he ingests.

14. When Carter suffers an allergic attack, it results in several physical effects, including but not limited to shortness of breath, constriction of his airway, difficulty, or inability to breathe, anxiousness, swelling of his face and/or eyes, possible temporary loss of consciousness and possible death if not immediately treated.

15. On February 19, 2022, Carter, Mr. Reinbold, Krista DiPaola (Carter's Mother), Kevin Miserez (Carter's Step Father), Mary "Annie" Reinbold (Carter's Step Mother) (collectively referred to as "the family") arrived at Defendant's restaurant located in Lansing, Michigan for a dinner reservation.

16. The *family* asked the waiter three times to make sure that sesame was not contained in the ingredients in their food nor the appetizer ordered for the table because of Carter's serious life-threatening sesame allergy.

3

17. Each time the *family* asked the Defendant's waiter, he assured him that the food did not contain sesame.

18. Carter was served his entrée and shortly after ingesting it he experienced shortness of breath, Vomiting in the restroom and tightening of his throat.

19. Mr. Reinbold administered his son's EpiPen and called 911 who sent an ambulance.

20. The ambulance picked up Carter from Bravo and took him to the emergency room at Sparrow Hospital.

21. At the hospital it was confirmed that Carter had suffered an allergic reaction to Sesame while at the restaurant.

22. The next day Carter had what he thought was relapse of the allergic reaction and was taken to the emergency room at Children's Hospital in Grand Rapids and was prescribed an anti-anxiety drug.

23. Carter is well aware that his allergy to sesame could kill him.

24. Carter, understanding that an allergic reaction could be fatal, was traumatized by his inability to breathe, and naturally experienced pain and suffering along with mental anguish from this traumatizing event.

25. As a direct and proximate result of the Defendants' wrongful acts. Plaintiff has suffered severe emotional and mental distress, pain and suffering, medical bills, and economic loss.

26. As a direct and proximate result of Defendants' failure to avoid contaminating Carter's food with sesame, Carter suffers great emotional distress manifested by physical symptoms including, but not limited to:

    a. Insomnia;
    b. Increased anxiety:

4

      c. Crying spells;
      d. Nausea;
      e. Afraid to go to school;
      f. Fear to be away from his parents;
      g. Afraid to eat out;
      h. Loss of appetite;
      i. Panic attacks and stress;
      j. Such other injuries and physical manifestations (likely to occur in the future);
      k. Pain and suffering; and
      l. Agoraphobia

27. Carter has suffered extreme and severe trauma and discomfort to the extent that he has undergone personality changes which manifest in numerous ways including but not limited to his well-founded concern that restaurants and their employees cannot or will not take the precautions required to serve a person with a food allergy.

28. Carter has no confidence in restaurants and their employees to keep him safe.

29. Carter will need psychological psychiatric counseling for possibly the rest of his life as a consequence of Defendants' failures.

## COUNT I

## NEGLIGENCE

30. Plaintiffs hereby reassert and incorporate paragraphs 1-30 as if fully set forth herein.

31. Defendants had been specifically informed that Carter had a severe sesame allergy.

32. Defendants were informed of Carter's allergy and on notice having actual knowledge that Carter could be made extremely ill, and therefore Defendants were aware of the risks to Carter inherent in their conduct, and that their acts or omissions were likely to result in grave injury to Carter.

33. Given the events described above, once informed of Carter's allergy Defendants had a duty to:

5

    a. Investigate with the food preparation staff if sesame was in the ingredients of Carter's proposed meal, and only serve food that was known not to contain sesame;

    b. Warn Carter and his parents that Defendants could not be certain that Carter's food did not contain sesame seeds;

    c. Decline to serve Carter unless it was known that his food did not contain sesame;

    d. Prepare Carter's food in away from other food that could cross contaminate his food; and

    e. Use separate equipment to avoid cross contamination with Carter's food.

34. Defendants, through its agents, servants and representatives failed to properly investigate or warn Carter and his family that Carter's food was contaminated with sesame.

35. Defendants, through its agents, servants and representatives failed to decline to serve Carter unless it was known that his food did not contain sesame.

36. Defendants were under a duty, including, through its agents, servants, and representatives to use reasonable care when handling Carter's food and such duties included:

    a. Properly preparing Carter's food to avoid contamination with sesame;

    b. Properly preparing Carter's food not to use common utensils that were also used in preparation of foods with sesame;

    c. Properly training employees in handling foods to avoid contamination with allergens;

    d. Properly hiring employees to cook food without mixing with sesame;

    e. Properly inspecting foods to avoid allergens:

    f. Properly supervising employees in handling of foods that could come in contact with allergens;

    g. Warning Plaintiff of any Danger;

    h. Securing Carter's food to avoid allergens;

    i. Following all instructions with preparing foods;

    j. Properly wiping down tables to avoid sesame from coming in contact with Defendant;

    k. Properly cleaning plates and utensils used in preparation of Carter's foods; and

    l. Reading ingredient lists on any foods used in preparation of food to avoid allergens.

37. Notwithstanding the duties owed by Defendants to customers, Defendants breached the duty they owed to Plaintiff as a customer and was negligent in the following ways:

    a. Negligently and recklessly failing to properly train employees in preparing food;

    b. Negligently and recklessly failing to train employees in keeping foods separate from cross contamination;

    c. Negligently and recklessly hiring persons that do not know how to prepare food for people with allergies;

    d. Negligently and recklessly failing to properly supervise employees;

    e. Negligently and recklessly failing to properly inspect Plaintiff's food for allergens;

    f. Negligently and recklessly failing to warn Plaintiff of any danger;

    g. Negligently and recklessly failing to avoid using utensils that were utilized in foods that contained sesame;

    h. Ignoring the parents request to avoid sesame from mixing into Carter's food exposing him to the allergy; and

    i. Negligently and recklessly failing to engage in whatever other acts of negligence that might be disclosed through discovery.

7

38. This reckless breach of Defendants' duty to exercise reasonable care over Carter demonstrated a substantial lack of concern for Carter's welfare and proximately caused Carter multiple injuries, pain, and suffering, and mental anguish, which he will experience for the rest of his life.

39. Despite the fact Defendants were put on notice of Carter's severe sesame allergy, Carter's food was mixed or came in contact with sesame.

40. The Defendants knew of the allergy and refused to keep his food free of sesame.

41. As a direct and proximate result of Defendants' actions, Plaintiff sustained a serious allergic reaction, suffered physical and psychological injuries and damages, including, but not limited to:

   a. Insomnia;
   b. Increased anxiety;
   c. Crying spells;
   d. Nausea;
   e. Afraid to go to school;
   f. Afraid to be away from his parents;
   g. Loss of appetite;
   h. Panic attacks and stress;
   i. Such other injuries and physical manifestations (Likely to occur in the future);
   j. Pain and suffering;
   k. Agoraphobia;
   l. Medical bills;
   m. Therapy bills;
   n. Permanent Psychological Harm;
   o. Loss of Enjoyment of Quality of life;
   p. Post-traumatic stress disorder; and
   q. Economic Damages.

WHEREFORE, PLAINTIFFS REQUEST that this Honorable Court enter judgment against Defendants, and grant Plaintiff legal relief, including but not limited to emotional damages, psychological damages, mental anguish damages, pain and suffering, and all other compensatory

damages in excess of $25,000.00, as well as exemplary damages, interest, costs, attorney fees so wrongfully sustained and all other legal and equitable relief as this Honorable Court may award.

Respectfully submitted,

Dated: May 24, 2023        By: _____
BROWN AND BROWN, PLC
By: Matthew C. Brown (P40078)
By: Matthew J. Brown (P73030)
Attorneys for Plaintiffs
838 W. Long Lake Rd. Ste. 100
Bloomfield Hills, MI 48302
(248) 454-1120